The court did not err in overruling and dismissing the certiorari for any of the reasons assigned.
 DECIDED NOVEMBER 3, 1944.
The defendant was convicted in the criminal court of Fulton County of operating a lottery. His certiorari was overruled, and he excepted. Substantially, the evidence is: that two policemen assigned to the suppression of this criminal enterprise testified that on the occasion in question they went to the home of the defendant's mother; that the defendant made an effort at flight; that the effort was foiled by the officers who forced the door into the room where the defendant and his mother were; that the mother was in bed sick; that in her bed beneath the bedclothing were found an original yellow lottery ticket retained by the writer in the operation of that game and an original lottery book used by writers; and that the defendant was seen to throw something toward the bed. One of the officers testified: "I asked him if the book was his and he said `yes.' Q. `Did your mother have anything to do with it?' A. `No, it is mine.'. . I found some memorandums there that were to be copied in the book; I found these papers which are lottery memorandums later to be copied into the book, and I found them in the room on a trunk, and a 'phone was beside the trunk, and a chair sitting there. The memorandums were lying on the trunk, and the book and ticket in the bed." The defendant freely and voluntarily admitted that the paraphernalia, including the original yellow ticket, the book, and the memorandums were his, and that his mother had nothing to do with them. The officers further testified that the defendant did not live with his mother, "but we find him when we go there. . . We find lottery there every time we go there." The defendant in his statement denied the substantial portions of the testimony of the police officers. He contended that he was merely a player, and that the paraphernalia had been left there by some one who was to call back for it. He further stated: "This boy had let the book stay on the kitchen table." And further that the boy whose name was not given, was to call for it. The defendant contended that *Page 730 
he did not know that the yellow lottery ticket was left there, and knew nothing about the memorandums.
1. It is contended by the defendant that the evidence at best shows only an attempt to commit the offense of operating a lottery, and that the evidence being circumstantial is insufficient as a matter of law to sustain a conviction. The defendant's possession of the incriminating lottery paraphernalia, in connection with the other evidence in the case, is sufficient to sustain a conviction. Mills v. State,71 Ga. App. 353 (30 S.E.2d 824).
2. The special ground in which contention is made that the evidence failed to show that the offense was committed within the statute of limitation, and the special ground that the court erred in the admission of the lottery book, are without merit, under the evidence in this case. Mills v. State, supra;Davis v. State, 70 Ga. App. 513 (28 S.E.2d 784).
The court did not err in overruling and dismissing the certiorari for any of the reasons assigned.
Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.